J-S29028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ALEXANDER BURGOS-NUNEZ | : | |
| | : | |
| Appellant | : | No. 616 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 29, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001314-2021

BEFORE: MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:          **FILED: JANUARY 29, 2024**

Appellant, John Alexander Burgos-Nunez, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following the revocation of his probation. We affirm.

The relevant facts and procedural history of this case are as follows. On October 5, 2022, Appellant entered a negotiated guilty plea to statutory sexual assault.[1] On December 21, 2022, the trial court sentenced Appellant to five years of probation and payment of restitution. The court further ordered that Appellant be placed on probation with electronic monitoring for nine months and required Appellant to have the electronic monitoring equipment installed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3122.1(a)(2).

no later than 30 days following the date of sentence.

Appellant failed to report to the probation office immediately after his sentencing, resulting in a bench warrant being issued on December 28, 2022. After two and a half weeks, Appellant reported to the probation office, at which point the warrant was stayed. Appellant tested positive for cocaine when he reported. Appellant was asked to come back in a week so that the electronic monitoring equipment could be installed. Appellant reported to the probation office the next week but did not have the money to pay for the monitoring equipment. Appellant again tested positive for cocaine and admitted to the probation officer that he did not have the money because he used it on cocaine. The probation officer told Appellant that if he went to drug treatment, the officer would speak to the judge about Appellant's delay in starting electronic monitoring. Appellant underwent the initial evaluation but failed to show up for inpatient treatment. Appellant also did not report to the probation office thereafter to begin electronic monitoring.

On February 6, 2023, a bench warrant was issued against Appellant for violating the terms of his probation. The court conducted a hearing on March 29, 2023, during which the Commonwealth alleged that Appellant committed the following violations: failure to abstain from the use, possession or sale of illegal drugs; failure to participate in treatment as directed by the court and probation; and failure to submit to electronic monitoring. At the hearing, Appellant admitted to violating the terms of his probation and the court

revoked his probation. The court then resentenced Appellant to 16 to 32 months of incarceration at a state correctional facility, followed by 5 years of probation.

On April 4, 2023, Appellant timely filed a motion for reconsideration and modification of sentence, which the court denied on April 13, 2023. Appellant filed a timely notice of appeal on April 21, 2023. On April 28, 2023, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 8, 2023, Appellant's counsel filed a statement of intent to file an **Anders**[2] brief.

As a preliminary matter, counsel seeks to withdraw his representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super.

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

- 3 -

2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, appellate counsel has filed a petition to withdraw. The petition states that counsel has conducted a conscientious review of the record and determined that the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. Accordingly, we proceed to an independent evaluation of the issues raised in the **Anders** brief. **See Palm, supra**.

Counsel raises the following issue on Appellant's behalf:

Whether the [trial] court abused its discretion by imposing a state sentence instead of the county sentence on technical violations of probation.

(**Anders** Brief at 4).

Appellant argues that the court abused its discretion in imposing a state sentence where his probation violation was technical and did not involve a new criminal conviction. Appellant complains the sentence was manifestly excessive under the circumstances of this case. As presented, Appellant's claim challenges the discretionary aspects of his sentence. **See**

- 5 -

*Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging

- 6 -

on the sentencing decision to exceptional cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. ***Id.*** at 435, 812 A.2d at 627.

Additionally, "[i]n general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa.Super. 2006). A sentence should not be disturbed where it is evident the court was aware of

the appropriate sentencing considerations and weighed them in a meaningful fashion. ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa.Super. 2000). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001).

A court can sentence a defendant to total confinement after revoking probation if the defendant was convicted of another crime, the defendant's conduct indicates it is likely that he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority. ***Commonwealth v. Crump***, 995 A.2d 1280 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Further:

> We note that a sentencing court must state on the record its reasons for imposing sentence. [***Commonwealth v. McAfee***, 849 A.2d 270, 274-275 (Pa.Super. 2004)]; 42 Pa.C.S.A. § 9721(b). "Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required." ***McAfee***, 849 A.2d at 275. Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender. [***Anderson, supra*** at 1018-19].

***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa.Super. 2006).

Instantly, Appellant raised his sentencing claim in his timely filed motion to modify sentence and he filed a timely notice of appeal. Appellant also included the requisite Rule 2119(f) statement. (***See Anders*** Brief at 7). Additionally, Appellant's claim arguably presents a substantial question for our

review. *See Malovich, supra* (stating: "A claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review").

Here, the trial court explained the rationale for its sentence on the record as follows:

> [T]he reason for my sentence is, sir, I know you asked this court for a second opportunity but the testimony of your probation officer [is that] you were provided with multiple opportunities to cooperate with her. You were given a mitigated sentence of nine months of [electronic monitoring]. You failed to get that equipment installed. You then acknowledged and had two positive tests for cocaine, that you were using the money for the [electronic monitoring] on cocaine. The probation officer then made arrangements for you to go to inpatient treatment and you did not even show up for the inpatient treatment[.] [P]art of the original agreement … is that [the victim] wanted you out of jail so that you [could make] child support payments for this child, which you have not cooperated …at all with domestic relations.

(Probation Violation Hearing, 3/29/23, at 6-7).

The court's statements at sentencing demonstrate that it adequately considered the general principles of sentencing as well as the factors delineated in 42 Pa.C.S.A. § 9771(c). *See Malovich, supra; Fish, supra*. Specifically, the Commonwealth reported that Appellant was initially given a lenient sentence, allowing him the opportunity to provide monetary support for his child with Victim but Appellant failed to participate in the child support enforcement hearings. The probation officer's testimony further established that Appellant was afforded multiple opportunities to comply with the terms

of his probation and seek drug treatment but failed to do so. Additionally, the probation officer's testimony confirmed that Appellant tested positive for cocaine on two occasions and Appellant admitted that he had used the money he needed to pay for electronic monitoring equipment to purchase cocaine. Under these circumstances, we cannot say the court abused its sentencing discretion upon revocation of Appellant's probation. **See Hoover, supra**. Following our independent review of the record, we confirm the appeal is wholly frivolous. **See Palm, supra**. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/29/2024